UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AARON CLARK, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 2:10CV00066 AGF |
| | ) |
| GEORGE LOMBARDI, in his official | ) |
| capacity as the Director of the Missouri | ) |
| Department of Corrections, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by Defendant Valitas Health Services, Inc. ("Valitas"). Plaintiff sued multiple defendants, including Valitas, under 42 U.S.C. § 1983 for alleged violations of his rights under the Eighth and Fourteenth Amendments. For the reasons set forth below, Valitas's motion to dismiss the complaint as to it shall be granted.

## BACKGROUND

Plaintiff is an inmate in the custody of the Missouri Department of Corrections ("MDOC"). As relevant to the motion under consideration, Plaintiff alleges that after he was attacked and rendered unconscious, the medical staff at the Western Missouri Correctional Center ("WMCC"), where he was incarcerated, refused to provide him appropriate medical treatment. Specifically, Plaintiff alleges that the medical staff

1

initially refused to obtain any x-rays, CAT scans, or MRI's of his cervical spine, and instead accused Plaintiff of malingering. Over a month later, Plaintiff had an MRI of his cervical spine, which revealed a spinal injury. Plaintiff underwent surgery, but is nonetheless paralyzed from the neck down. Plaintiff alleges that the surgeons informed him that his paralysis resulted from the delay in treatment.

Plaintiff asserts claims against eight MDOC employees, Correctional Medical Services ("CMS"), various medical professionals whom CMS employed to treat him, and Valitas. Plaintiff asserts that CMS was under contract to provide medical services to inmates of MDOC, that Valitas is the parent corporation of CMS, and that Valitas, through CMS, "exerted substantial control and engaged in . . . the provision of health care services" to MDOC inmates, including Plaintiff. Plaintiff alleges that the medical facilities at WMCC were "operated by" CMS and Valitas, among others, and that "[t]he CMS and Valitas Health Care Defendants, by and through their agents, have engaged in a widespread . . . policy, pattern and custom of denying emergent medical care" to inmates with serious medical needs if such care is deemed too costly. (Compl. at 3, 9-10, 14.)

Valitas moves to be dismissed as a Defendant, asserting that the claims against it "appear[] to arise solely because of its status as the parent corporation of CMS." (Def.'s Mem. at 6.) Valitas argues that Plaintiff did not allege that Valitas was "responsible for the health care decisions and treatment of inmates," nor that "Valitas physically controls or operates" the medical treatment center at issue. Valitas cites law supporting the proposition that parent companies are generally not liable for the torts of their

2

subsidiaries, and states that Plaintiff failed to allege facts sufficient to pierce the corporate veil.

Plaintiff responds that the facts he has alleged, along with their reasonable inferences, are sufficient to both state a claim against Valitas as a state actor itself, and to pierce Valitas's corporate veil as CMS's parent. Plaintiff specifically points to his allegation that the WMCC medical unit was operated by Valitas, and that Valitas exerted substantial control and engaged in the provision of health care services at WMCC. Plaintiff characterizes his complaint as asserting that Valitas exercised its control through a policy denying expensive emergency medical procedures.

## **DISCUSSION**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)*. To survive a 12(b)(6) motion to dismiss, a complaint "does not need detailed factual allegations," but the allegations must nonetheless "be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This requires more than mere "labels and conclusions," *id.*, and must state a claim that is "plausible on its face." *Id.* at 570. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short . . . of 'entitlement to relief.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). For purposes of a motion to dismiss, this Court must accept as true the facts alleged in the complaint. *Ripplin Shoals Land Co., LLC v. U. S. Army Corps of Eng'rs*, 440 F.3d 1038, 1042 (8th Cir. 2006). Furthermore all reasonable

inferences from Plaintiff's complaint must be drawn in his favor. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

Generally, "someone injured by the conduct of a corporation or one of its employees can look only to the assets of the employee or of the employer corporation for recovery." *Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 306 (8th Cir. 1992). Parent corporations are usually not responsible for the acts of their subsidiaries, but "there are instances in which an injured person may 'pierce the corporate veil'" and also hold the parent liable. *Id.* To pierce the corporate veil, a plaintiff must show:

> (1) Control, not mere majority or complete stock control, but complete dominion, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and
> (2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or dishonest and unjust act in contravention of plaintiff's legal rights; and
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

*Id. (*quoting *Collet v. Am. Nat'l Stores, Inc.*, 708 S.W.2d 273, 284 (Mo. Ct. App. 1986)).

The court in *Collet* listed 11 factors to consider in deciding "whether one corporation exercised control over another to the extent necessary" to pierce the corporate veil, including whether the parent and subsidiary have common upper-management, whether the subsidiary is "grossly" undercapitalized, whether there is commingling of assets between the parent and subsidiary, and whether the subsidiary conducts virtually all of its business with the parent. *Collet*, 708 S.W.2d at 284.

Here, Plaintiff does not provide any specific factual allegations regarding how

4

Valitas controlled CMS.  Plaintiff's general allegations of substantial control and widespread policies do not satisfy the pleading requirement for piercing the corporate veil. *See S.E. Texas Inns, Inc. v. Prime Hosp. Corp.*, 462 F.3d 666, 680 (6th Cir. 2006) (upholding the dismissal of a corporate parent where there was no allegation that the corporation was a sham or that the parent was abusing the corporate form); *Seasword v. Hilti, Inc.*, 537 N.W.2d 221, 225 (Mich. 1995) (stating that "plaintiff has not stated a claim based on a parent subsidiary relationship because plaintiff has alleged no facts [that the defendants] have abused their presumably separate and distinct corporate forms."); *cf. Osgood v. Midwest Parking Solutions*, No. 4:07CV1365SNLJ, 2009 WL 4825192, at *2-4 (E.D. Mo. Dec. 11, 2009) (denying a motion to dismiss where plaintiff alleged commingling of assets, undercapitalization, and disregard for corporate formalities).

Although Plaintiff alleges that "CMS and Valitas Health Care . . . through their agents" engaged in policies denying expensive medical procedures to Missouri inmates, and that Valitas "operated" the WMCC medical facilities, he failed to provide any factual support for these statements.  Such "bare assertions" amount to nothing more than conclusory allegations which are "not entitled to be assumed true."  *See Iqbal*, 129 S. Ct. at 1951.  "While legal conclusions can form the framework of a complaint, they must be supported by factual allegations." *Id*. at 1950.  Here, they are not.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Valitas Health Services, Inc.'s motion to dismiss this claim as to itself is **GRANTED**. [Doc. #31]

                                                 */s/ Audrey G. Fleissig*
                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES DISTRICT JUDGE

Dated this 21st of April, 2011.