UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AARON CLARK,                                                    )<br>                                                                           )<br>           Plaintiff,                                           )<br>                                                                           )<br> vs.                                                                     )     Case No.: 2:10-CV-00066-AGF<br>                                                                           )<br> GEORGE LOMBARDI,  DOUG PRUDDEN, )<br> JILL PERKINS, R.N., DR. THOMAS        )<br> CABRERA, M.D., DR. ELIZABETH         )<br> CONLEY, MS. JEWEL COFIELD,            )<br> CORRECTIONAL MEDICAL SERVICES, )<br> MS. BRENDA SHIRA, R.N., DR.               )<br> FARNHAM, M.D., S. KEETES, JOY         )<br> HAILEY, R.N., JEAN JOHNSON, VALITAS )<br> HEALTH SERVICES,INC., CARMEN        )<br> VENTURA, JAY BARONE, H.S.A., DR.   )<br> STAN, and LINDA DILLON, R.N.,            )<br>                                                                           )<br>           Defendants.                                       )  | |

**PLAINTIFF'S REPLY TO THE DEFENDANTS' MEMORANDUMS IN OPPOSITION
TO PLAINTIFF'S MOTION TO MODIFY THE CASE MANAGEMENT ORDER**

**COMES NOW** Plaintiff Aaron Clark, by and through his undersigned counsel, Amy L. Ohnemus and John H. Norton, and for his Reply to the Defendants' Memorandums in Opposition to Plaintiff's Motion to Modify the Case Management Order, and states to the Court as follows:

**A.    Good Cause Exists to Modify the Case Management Order**

Plaintiff's Motion to Modify the Case Management Order was filed under Federal Rule of Civil Procedure 16. Plaintiff has requested modification of the dates to file amendments to the pleadings, disclosure of plaintiff's expert witnesses, disclosure deadlines for defendants' expert witnesses, and mediation. Plaintiff's request did not seek a modification of the trial date;

however, Defendants' seem to suggest that if the Court grants Plaintiff's Motion, Defendants wish to have a new case management order entered which modifies all of the deadlines including the trial date. Plaintiff has no objection to that request.

Rule 16 provides that "except in categories of actions exempted by local rule, the district judge – or a magistrate judge when authorized by local rule – must issue a scheduling order." The rule also provides that a scheduling order may be modified for good cause and with the judge's consent. Here, prior to plaintiff's retention of counsel, plaintiff's appointed counsel worked diligently to meet the requirements of the scheduling order. Plaintiff's appointed counsel designated plaintiff's non-retained treating physicians as experts in accordance with the scheduling order and corresponded with defendants' counsel regarding mediation and other matters. However, good cause exists to amend the scheduling order as without funds to retain expert witnesses plaintiff's counsel could not evaluate a potential medical malpractice claim. Expert witness fees are not to be taxed as costs in excess of the statutory limit and are not recoverable by the prevailing party in an action under 42 U.S.C. §1983 and in light of that mandate plaintiff's counsel could not be reimbursed for money expended on expert witnesses. *See* 28 U.S.C. §1821, 1920.

Here, Plaintiff was without adequate funds individually to pay for the retention of expert witnesses and his Complaint was filed in forma pauperis. The original complaint (which is what the parties are operating under) was filed by Mr. Clark, pro se. The Complaint stated a cause of action for inadequate medical attention under 42 U.S.C. §1983 and plaintiff was appointed counsel after his complaint was filed. Counsel was appointed to handle the complaint which was already on file. Plaintiff's appointed counsel does not and has not handled medical malpractice actions.

Moreover, under the standards governing pleadings, plaintiff's appointed counsel could not make allegations in a pleading without conducting an investigation. Defendants note that part of the litigation requirements in Missouri for a medical malpractice action is a statement of a health care professional certifying the merits of the claim. Without funds, Plaintiff's appointed counsel could not obtain the requisite affidavit and any amended pleading would have been in violation of the rules as the proper investigation would not have been conducted. It was only at the time that retained counsel became involved on behalf of plaintiff that the investigation into a medical malpractice action or the possibility for the action was raised. The request to amend the case management order was filed promptly after retained counsel became involved.

In addition, plaintiff's appointed counsel could not learn the necessary information to proceed with a medical malpractice claim from plaintiff's treating neurosurgeon. Plaintiff's appointed counsel obtained a HIPAA authorization from plaintiff which allowed her to discuss plaintiff's treatment with his providers. Plaintiff's appointed counsel made timely efforts to discuss the matter with plaintiff's treating neurosurgeon and plaintiff's counsel's request was declined.

Additionally, Plaintiff has been incarcerated from the time of the injury alleged to have been caused by Defendants until present. Plaintiff during that time has been confined to a wheelchair due to his paralysis, which Plaintiff believes was caused by the actions and/or inactions of the Defendants. Plaintiff's confinement and disabilities have limited counsel's ability to investigate a potential medical malpractice claim. Plaintiff could not meet with counsel on his own to see if they would pursue his claims. As such, Plaintiff's counsel is requesting that the Case Management Order be amended to allow Plaintiff's counsel time to investigate a medical malpractice claim and subsequently to file a claim if the investigation merits the same.

**B.    Relation Back is a term of art used to determine whether a claim falls within the statute of limitations period and it is not determinative for other filing requirements**

Here, Defendants argue that when an amendment is deemed to relate back under Rule 15 the amended complaint is deemed <u>filed</u> as of the date of the original complaint. In turn, Defendants argue that RSMo. §538.225, which requires plaintiff to file an affidavit of merit for a medical malpractice claim "no later than ninety days after the <u>filing</u> of the petition", should be interpreted to mean that plaintiffs must file the affidavit within 180 days of the filing of the initial complaint whether or not the initial complaint contains a claim falling within Section 538.225. Defendants have cited no authority for the proposition that the amended complaint is deemed "filed" as of the date of the initial pleading under Rule 15(c).

Furthermore, a reading of the Federal Rules of Civil Procedure cuts against Defendants' argument on this point. Federal Rule of Civil Procedure 15(c) states, "an amendment to a pleading **relates back** to the date of the original pleading…" Rule 15(c) does not state that an amendment to a pleading is "deemed filed" as of the date of the original pleading. The term "filed" is defined by the rules. Federal Rule of Civil Procedure 5(d)(2) states that, "a paper is <u>filed</u> by delivering it: (A) to the clerk; or (B) to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Accordingly, if an amendment made pursuant to Rule 15(c) was deemed to be filed as of the date of the original pleading, Rule 15(c) would specifically include the word "filed".

In addition, the purpose of Rule 15 and "relation back" is to avoid the effect of the statute of limitations where a claim is based upon the same transaction or occurrence that was set forth in the original pleading. *See Rural Fire Protection Co. v. Hepp*, 366 F.2d 355 (9th Cir. 1966). The purpose is to defeat the bar of the statute of limitations. *Id. See also Solo Cup Co. v. Paper*

4

*Machinery Corp.*, 359 F.2d 754 (7th Cir. 1966) (stating relation back of amendments was designed primarily to protect additional claims or defenses from running of statute of limitations). Here, the amended complaint would relate back to the date of the original complaint for purposes of the statute of limitations but not with regard to other procedural pleading requirements.

      C.    **Defendants' argument regarding RSMo. §538.225 are in direct conflict with Federal Rule of Civil Procedure 15 and if a conflict exists between a Federal Rule and a state statute the Federal Rule controls**

Defendants argue that RSMo. §538.225 must be applied retroactively to the date of filing the original complaint and that Plaintiff only had 180 days from that date to file an affidavit of merit for any medical malpractice claim.[1] Defendants argue that Plaintiff was required to file an affidavit of merit for any medical malpractice claim by April 18, 2011. Accordingly, the Defendants assert that even if this Court allows an amendment to the Case Management Order whereby Plaintiff can file an amended complaint, the amendment to the complaint would be futile in light of RSMo. §538.225. However, Defendants argument on this point would invalidate and make inapplicable Federal Rule of Civil Procedure 15 as a Plaintiff would not be able to amend a complaint to pursue a medical malpractice claim even if discovery warranted, if they were outside the 180 day period from the date of filing the initial petition.

Where a matter is based on pendent jurisdiction over a supplemental state law claim, a federal court must apply state substantive law and federal procedural law. *Smith v. Planned Parenthood of the St. Louis Region*, 225 F.R.D. 233, 237 (E.D. Mo. 2004) (citing *Erie Railroad*

---

[1] Plaintiff acknowledges that the issue at hand is whether this Court will allow the Case Management Order to be amended in accordance with Federal Rule of Civil Procedure 16(b)(4) to allow Plaintiff's counsel to investigate a medical malpractice claim. However, directly related to that issue is whether the amendment to add a malpractice claim would be futile.

*Co. v. Tompkins*, 304 U.S. 64, 78 (1938) and *Witzman v. Gross*, 148 F.3d 988 (8th Cir. 1998)). The distinction between substantive and procedural issues is intended to ensure that the outcome of the litigation in federal court would be substantially the same as if the case were tried in state court. *Id.* at 237-38. However, where the matter is covered by a Federal Rule of Civil Procedure the "federal courts must apply the Rule without regard to whether the matter might arguably be labeled substantive or procedural." *Id.* at 238 (citing *Hiatt v. Mazda Motor Corp.*, 75 F.3d 1252, 1258 (8th Cir. 1996). The *Erie* analysis does not apply if the matter in question is covered by a Federal Rule of Civil Procedure. *Id.* Accordingly, the federal court must first determine whether a Federal Rule directly "collides" with the state law it is being asked to apply. *Id.* If a direct conflict exists, the Federal Rule must be applied if it is constitutional and authorized by the Rules Enabling Act. *Id.* If a conflict does not exist, the state law should apply if the state rights are bound up in a way that makes application of the rule in federal court required. *Id.*

In viewing a conflict issue, the federal court must consider whether the scope of the Rule is "sufficiently broad to control the issue before the Court" such that no room is left for operation of the state law. *Id.* "The Federal Rules are to be given their plain meaning and are not to be construed narrowly to avoid a direct conflict." *Id.* However, a broad reading that creates disuniformity between state and federal courts should be avoided if the text permits. *Id.*

Rule 15 provides:

> (a) Amendments Before Trial
>     (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> (c)    Relation Back of Amendments
>     (1)    When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
>         (A)    the law that provides the applicable statute of limitations allows relation back;

        (B)    the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out- in the original pleading;

Missouri Revised Statute §538.225 (2005) provides:

1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.

5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.

6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Here, Defendants' arguments regarding the affidavit requirement invalidate and disallow the application of Rule 15. Rule 15 clearly allows the Court to determine whether to allow a pleading to be amended and to allow the amendment after the statute of limitations period for the claim has run. Rule 15 provides that if the court allows the amended pleading to be filed the added claim will relate back if it arose out of the same conduct or transactions set forth in the original pleading. However, under Defendants' argument relation back could never occur once 180 days from the filing of the original complaint has elapsed. This interpretation usurps the Courts authority to allow relation back on a claim where the statute of limitations has passed and is directly contrary to the intent of Rule 15. Since a conflict between Rule 15 and RSMo. §528.225 exists, this Court must apply the rule allowing relation back without regards to the filing of the affidavit.

7

As noted above, if the rule and statute collide the court must then determine if the rule is constitutional and authorized by the Rules Enabling act. Here, Federal Rule of Civil Procedure 15 is both constitutional and authorized by the Rules Enabling Act. See *Morel v. Diamler Chrysler AG*, 565 F.3d 20, 23-4 (1st. Cir. 2009) (citing *Brown v. E.W. Bliss Co.*, 818 F.2d 1405, 1409 (8th Cir. 1987)). Accordingly, Rule 15 will allow relation back and plaintiff's claim is not invalidated based upon RSMo. § 538.225.

On the other hand, there is a reading of Section 538.225 and Rule 15 that allows both provisions to operate. When Section 538.225 is interpreted as requiring the affidavit 90 days after the amended complaint is filed, no conflict between Rule 15 and Section 538.225 exists. The Court can operate under Rule 15 and allow relation back and the assertion of additional claims and the plaintiff will still be bound to certify malpractice claims in accordance with Section 538.225. The certification would have to be filed within 90 days after the date of filing the amended complaint unless extended for good cause. This interpretation further comports with the legislative intent of Section 538.225, which is discussed fully in subsection E, below.

### D. RSMo. §538.225 is a procedural not substantive requirement

Defendants' contention that Section 538.225 is a substantive requirement is without merit. The Missouri Supreme Court has directly addressed this issue and found that Section 538.225 is a procedural requirement for medical malpractice claims. See *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 508 (Mo. banc 1991). In *Mahoney*, the Missouri Supreme Court noted that, "the affidavit section prescribes a procedure in the early stage of suit to detect frivolousness." *Id.* The Missouri Supreme Court further stated, "it is well to understand that *§ 538.225* enacts a *procedure* in suits for personal injury or death damages

caused by negligent health care providers." *Id.* The Court noted that the affidavit requirement did not change substantive medical malpractice law. *Id.*

While certain Missouri cases distinguished the Missouri Supreme Court's notation that Section 538.225 was procedural, in 2009 the Eastern District of Missouri addressed the issue of whether the provision was substantive or procedural. *See Smith*, 225 F.R.D. at 238-39 and *White v. Tariq*, 299 S.W.3d 1, 4 (Mo. App. E.D. 2009). In *White,* the Eastern District stated that Section 538.225 sets forth the pre-trial procedure for cases where plaintiff fails to timely file a health care affidavit. *White*, 299 S.W.3d at 4. The Eastern District held that Section 538.225 is procedural. *Id.* Relying on these cases the United States District Court in *Beelek v. Farmington Missouri Hospital Co, LLC*, 2011 WL 4008018 (E.D. Mo. 2011) noted that Section 538.225 was procedural and did not apply in federal court. *Beelek*, 2011 WL 4008018 at *FN3. Accordingly, because Missouri courts have found Section 538.225 to be procedural it is not applicable in federal court and cannot be used to bar plaintiffs claim for medical malpractice.

E. **Defendants' interpretation of RSMo. §538.225 is contrary to the intent of the statute**

Section 538.225.5 provides in whole, as follows: "Such affidavit shall be filed no later than ninety days <u>after the filing of the petition</u> unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days. Here, the terms "filing" and "petition" determine at what point the affidavit is required to be provided. Based upon legislative intent and interpretation, the affidavit is required to be provided to the court no later than 90 days after the amended petition is provided to the court.

9

The primary rule of statutory interpretation is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. *Finnegan v. Old Republic Title Co. of St. Louis, Inc.*, 246 S.W.3d 928, 930 (Mo. 2008). To determine legislative intent, the court considers the language of the statute and words employed in their plain and ordinary meaning. *Id.* Provisions of the entire legislative act must be construed together and if reasonably possible all provisions must be harmonized. *Community Federal Sav. & Loan Ass'n v. Director of Revenue,* 752 S.W.2d 794, 798 (Mo. banc. 1988).

Where a term is not defined by the statute, the plain and ordinary meaning of the term may be derived from a dictionary and by considering the entire context of the statute in which it appears. *State ex rel. Burns v. Whittington* , 219 S.W.3d 224 (Mo. banc 2007). Defendants appear to interpret "petition" to mean only the original petition and as excluding the filing of an amended petition. However, if the legislature wanted to define "petition" as initial filing of the suit and to exclude the filing of an amended petition, the legislature could have done so. In the same statutory enactment, the Missouri legislature used the term "cause of action." See RSMo. §538.305. Section 538.305 provides that the provisions of the act… shall apply to all "causes of action" filed after August 28, 2005. The Missouri Supreme Court was called upon to interpret "cause of action" in the context of RSMo. § 538.305 in *State ex rel. Burns v. Whittington*, 219 S.W.3d 224 (Mo. banc 2007). The court held that "cause of action" meant a group of operative facts giving rise to one or more bases for suing and that a cause of action remains the same even though additional or different theories of evidence or law might be used to support it. *Id.* at 226. Thus, the court determined that the filing of an amended petition did not constitute a new "cause of action." Accordingly, if the legislature wanted to prohibit plaintiff from providing an affidavit 90 days after filing an amended petition, the legislature could have simply stated that an affidavit

could be filed no later than 90 days after the "cause of action" was instituted. Here, the legislature did not use the term "cause of action" to denote when an affidavit must be filed.

As previously state, the court can look to the dictionary to determine the plain meaning of a term used. *Burns,* 219 S.W.3d at 225. Webster's Dictionary defines "petition" as (1) an earnest request; (2)(a) a formal written request made to an organized body (as a court); (2)(b) a document embodying such a formal written request; or (3) something asked or requested. Black's Law Dictionary defines a petition as "a formal written request presented to a court or other official body." Black's Law Dictionary defines amended pleading as follows: "See pleading." Thus, the term "petition" is broad enough to include an amended petition as both are formal written requests made to a court and plaintiff would have 90 days from the date of filing the amended petition to file an affidavit under Section 538.225.

The term "filing" may also be subject to dispute by the Defendants. Missouri Rule of Civil Procedure 43.02 defines when a document is filed. Rule 43.02(b) provides, "**Filing With the Court – Defined.** The filing of pleadings and other paper with the court as required by Rules 41 through 101 shall be made by filing them with the clerk of the court, except that a judge may permit the papers to be filed with the judge, who shall note thereon the filing date and forthwith transmit them to the office of the clerk." Thus, the term "filing" means the delivery of a document to a court for placement in the court file. Since the court has the responsibility for filing documents, it is appropriate to apply the same definition to the term "filing" used in Section 538.225. Therefore, an amended petition is filed when it is provided to the clerk of the court where the case is filed.

The Missouri Supreme Court's interpretation of the purpose of Section 538.225 also supports a determination the a plaintiff has 90 days from the date an amended pleading is filed to

provide an affidavit. *See Mahoney*, 807 S.W.2d at 507. In *Mahoney*, the Court made several observations regarding the intent and purpose of the affidavit requirement. The Court first noted that Chapter 538 was enacted in legislative response to the public concern over the increased cost of health care and the continued integrity of that system of essential services. *Id.* The court also noted that under Section 538.225, a plaintiff is free to filed a medical malpractice suit first and then supply an affidavit within 90 days. *Id.* at 511. Lastly, the court determined that Section 538.225 does not operate until after the petition is filed and the incidents of jurisdiction are met. *Id.* at 509. Consequently, the Missouri Supreme Court has implied that Section 538.225 cannot and does not operate until a claim alleging malpractice is filed, it does not operate as a precondition for access to the courts. *Id.* (Citing *State ex rel. Cardinal Glennon Memorial Hosp. v. Gaertner*, 583 S.W.2d 107 (Mo. banc. 1979) which held that a procedure which operated as a precondition to access to the courts violated the Missouri Constitution Art. I, §14). If Section 538.225 operated as a precondition for access to a court (as Defendants here argue), then it would be unconstitutional.

Furthermore, the statutory provision is not intended to bar a plaintiff's claim. Section 538.225 notes that the remedy for failure to file a timely affidavit is a dismissal without prejudice. If the legislature had intended for Section 538.225 to operate as a complete bar the legislature could have required that all claims be dismissed with prejudice. *See also, Maloney,* 807 S.W.2d at 508. If Defendants' argument is accepted, it would bar and prohibit amendments to medical malpractice actions. Since the legislature did not choose to note the dismissal would be with prejudice the same view should be applied when determining when an affidavit is required to be filed.

F.     **Defendants will not be prejudiced by an amendment to the complaint**

Federal courts employ a liberal policy with regards to when amendments of complaints are allowed. *Roberson v. Hayti Police Dept.*, 241 F.3d 992. 995 (8th Cir. 2001). A denial of a motion for leave to amend is only appropriate in limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the non-moving party can be demonstrated. *Id.* Delay alone is not a reason in and of itself to deny leave to amend the delay must result in prejudice to defendants. *Id.* The burden of showing prejudice rests with the party opposing the request to amend. *Id.*

Here, the limited circumstances which would allow for denial, do not apply. Plaintiff has not acted in bad faith in delaying the request. Plaintiff was without sufficient funds to retain expert witnesses on either the Section 1983 claim or a medical malpractice claim. Plaintiff's appointed counsel was without funds to retain the same. Further, undue delay is not present. The current litigation was pending less than a year and a half at the time of Plaintiffs request. Plaintiff requested leave to amend the case management order approximately three weeks after retained counsel became involved in the case.

Defendants will not be prejudiced in defending an action for medical malpractice on the merits. Here, the initial basis of plaintiff's claim was 42 U.S.C. §1983 for inadequate medical attention. The medical records which were produced with regards to the Section 1983 claim are the same medical records that would be at issue in a medical malpractice claim. The medical records regarding both claims (except for approximately 400 pages) are the medical records of the defendants and have been in defendants' possession since their treatment of Plaintiff. Moreover, Defendants are not prejudiced with regards to taking the deposition of plaintiff. A deposition of plaintiff has not been requested at this time so any deposition could still cover material related to a medical malpractice action. Furthermore, Defendants can still propound

interrogatories upon plaintiff related to the malpractice issues as, at this time, only one Defendant has propounded interrogatories on Plaintiff and only two sets of Defendants have propounded requests for production on Plaintiff. Defendants are not limited by the federal rules with regards to the number of requests for production that can be sent to plaintiff. Lastly, no depositions of defendants have been conducted so defense counsel will still have the opportunity to prepare their clients for depositions which would include questions concerning a medical malpractice action. Accordingly, allowing an amendment to the scheduling order and subsequently the filing of an amended petition to include a medical malpractice claim is appropriate.

**WHEREFORE,** Plaintiff respectfully requests that this Court grant his Motion to Amend the Case Management Order, that this Court set Plaintiff's Motion to Amend for oral argument, that new deadlines be set for mediation, amendment of the pleadings and disclosure of expert witnesses, and for such other and further relief as the Court deems just and meet in the premises.

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| By ___s/John H. Norton___ | By ___s/Amy L. Ohnemus___ |
| **JOHN H. NORTON,** #28025 | **AMY L. OHNEMUS,** #60191MO |
| **NORTON & NORTON, P.C.** | **WASINGER, PARHAM, MORTHLAND,** |
| 6000 N. Oak Trafficway | **TERRELL & WASINGER, L.C.** |
| Suite 201 | P.O. Box 962 |
| Kansas City, MO 64118 | Hannibal, Missouri 63401 |
| Phone: (816) 454-5800 | Phone: (573) 221-3225 |
| Fax (816) 454-5016 | Fax: (573) 221-1991 |
| Email: jnorton@nnlawlcc.com | Email: alohnemus@wasingerlaw.com |
| **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR PLAINTIFF** |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was served upon the following counsel on this 18th day of April, 2012 via the Court's electronic notification system:

Ms. Karin Schute
Assistant Attorney General
PO Box 861

14

St. Louis, MO 63188
Attorney for Defendants Lombardi, Prudden, Keeter and Johnson

Ms. Jessica L. Liss
Jackson Lewis
Two City Place Drive, Suite 200
St. Louis, MO 63141
Attorneys for Defendants Perkins, Cabrera, Conley, Cofield, CMS, Shira, Farnaham, Hailey and Dillon

Mr. Kevin J. Adrian
Mr. David P. Ellington
Brown and James P.C.
1010 Market Street, 20th Floor
St. Louis, MO 63101
Attorneys for Defendant Carmen Ventura, Jay Barone and Stanley Street