UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

AARON CLARK,                                )
                                            )
            Plaintiff,                      )
                                            )
      v.                                    )          No.  2:10CV00066 AGF
                                            )
GEORGE LOMBARDI, et al.,                    )
                                            )
            Defendants.                     )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Modify the Existing Case
Management Order (Doc. No. 62).  Defendants have opposed the motion as untimely and
futile.  Also pending is a Joint Motion to Stay Deadlines Under the Case Management
Order (Doc. No. 69).

## Background

On October 20, 2010, Plaintiff filed a *pro se* complaint in federal court under 42
U.S.C.§ 1983.  He alleges that he is a severely disabled, paralyzed Missouri inmate
presently residing at the Northeast Correctional Center.  He further alleges that, while
housed at the Western Missouri Correctional Center in April 2009, he was attacked and
rendered unconscious, resulting in a spinal cord injury.  Plaintiff claims that the named
Defendants were deliberately indifferent to his medical needs in the diagnosis and
treatment of his injury.  (Compl., Doc. No. 1)

On November 19, 2010, the Court appointed Amy Ohnemus as counsel for the

Plaintiff.  (Doc. No. 7)  The Court issued its Case Management Order ("CMO") on July

26, 2011.  (Doc. No. 46)  On March 13, 2012, John H. Norton also entered his

appearance on behalf of Plaintiff, and he filed a Motion to Modify the Existing Case

Management Order on March 29, 2012.  (Doc. Nos. 60, 62)  In that motion, Plaintiff

asserts that appointed counsel had limited funds to pursue Plaintiff's claims and to retain

experts.  After review of Plaintiff's complaint, Mr. Norton desires to consult with experts

regarding a possible medical negligence claim.  Given the expired deadlines in the CMO

and Mr. Norton's recent entry into the case, Plaintiff requests that the Court amend the

CMO to extend discovery deadlines, the ADR referral, and the amendment of pleadings.

Defendants oppose Plaintiff's motion on the basis that the motion is untimely and would

be futile under the Missouri statute pertaining to medical malpractice claims, Mo. Rev.

Stat. § 538.225.6.  (Doc. Nos. 64, 65, 66)

### Discussion

Plaintiff contends that this Court should grant his motion to modify the CMO

because the request is made in good faith with good cause.  Plaintiff also asserts that his

medical negligence claim relates back to his original complaint under Fed. R. Civ. P.

15(c) because it arises out of the same conduct, transaction, or occurrence set out in the

original Complaint.  Defendants, on the other hand, argue that Plaintiff has failed to

demonstrate good cause for the delay, given the fact that counsel was appointed over a

year ago and had possession of medical and mental health records related to the treatment

-2-

of Plaintiff's injuries that are the subject of this litigation.  Further, Defendants maintain that adding a medical malpractice claim would be futile because, assuming the new claim does relate back to the original complaint, Plaintiff failed to file a timely affidavit in support under Mo. Rev. Stat. § 538.225.

In response, Plaintiff contends that good cause exists because appointed counsel did not have funds to retain experts to evaluate a possible medical malpractice claim, nor is appointed counsel experienced in medical malpractice actions.  Further, Plaintiff's incarceration causes difficulties in the investigation of his claims.  In addition, Plaintiff maintains that a potential medical malpractice claim does relate back to the complaint because it arose out of the occurrence set out in the original pleading.

## A.  Good Cause

After review of the motion and the responses thereto, the Court will grant Plaintiff's motion to modify the CMO.  Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  Here, the Plaintiff acknowledges that the deadlines set forth in the CMO have expired but contends that good cause exists to amend the CMO.  Specifically, Plaintiff notes that only when retained counsel became involved did the possibility of a medical malpractice claim arise, after which he promptly filed the present motion.  Plaintiff's counsel seeks additional time to investigate Plaintiff's claims and file an amended complaint, should the investigation warrant such amendment.

The undersigned finds that Plaintiff has demonstrated good cause for amending the

CMO.  "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006) (citation omitted).  Here, the Defendants do not appear to question appointed counsel's diligence, noting that Plaintiff had procured nearly 3,000 pages of medical and mental health records through the discovery process.  Defendants claim, however, that continuing written discovery has failed to produce any additional information that would give rise to facts previously unknown to Plaintiff's counsel which support a claim of medical malpractice.

The Court notes that appointed counsel has been diligent in her efforts to represent the Plaintiff in his § 1983 action.  Upon the retention of new counsel with expertise in the area of medical malpractice, counsel promptly filed a motion to modify the CMO. Further, the fact that Plaintiff is indigent, continues to be incarcerated, and is confined to a wheelchair has limited counsel's ability to fully investigate a possible medical malpractice claim.  Therefore, the undersigned finds that good cause exists to modify the CMO.

**B.  Relation Back**

Defendants argue that any medical malpractice claim would not relate back and would be futile, such that the Court should deny Plaintiff's motion.  Plaintiff, on the other hand, asserts that relation back merely determines whether a claim falls within the statute of limitations period and is not determinative for other filing requirements.

-4-

Under Fed. R. Civ. P. 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  Here, the parties do not dispute that, if Plaintiff files an amended complaint adding a medical malpractice claim, the claim is based on the same transaction or occurrence set forth in Plaintiff's original complaint.  Instead, Defendants contend that any amendment adding a claim for medical malpractice would be futile because Plaintiff did not timely file the required statutory health care affidavit within 180 days of filing his complaint.  The Court declines to address the futility argument at this time.  The parties can more fully brief the issue in a motion to dismiss, should the Plaintiff amend the complaint to add a medical malpractice claim.  The undersigned is aware of the potential inconvenience an amended complaint may cause the Defendants. Therefore, the Court will afford Defendants ample opportunity to adequately address any additional claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Modify the Existing Case Management Order (Doc. No. 62) is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall submit an amended joint scheduling plan no later than **May 21, 2012.**

**IT IS FINALLY ORDERED** that the Joint Motion to Stay Deadlines under the

Case Management Order (Doc. No. 69) is **DENIED** as moot.


_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE


Dated this 10th day of May, 2012.