UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| AARON CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:10CV00066 AGF |
| ) | |
| GEORGE LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Aaron Clark, brings this action under 42 U.S.C. § 1983, claiming that while he was an inmate in the custody of the Missouri Department of Corrections ("MDOC"), his constitutional rights were violated due to Defendants' indifference to a serious spinal cord injury he sustained, resulting in permanent lower body paralysis. Plaintiff names 15 individual Defendants and one corporate Defendant. Now before the Court is the motion, filed jointly by four individual Defendants, to dismiss the complaint for failure to state a claim.

## BACKGROUND

Plaintiff initiated this action pro se on October 20, 2010. On August 31, 2012, with the assistance of appointed counsel, Plaintiff filed a motion for leave to file an amended complaint, which was granted on September 24, 2012. Plaintiff alleges in his amended complaint that "in early April 2009," while he was an inmate at the Western Missouri Correctional Center ("WMCC"), he was assaulted by another inmate and

rendered unconscious.  Shortly after the assault, Plaintiff was discovered by staff members and a medical emergency was announced.  Plaintiff was transported to the WMCC medical unit, and although he suffered a severe spinal cord injury, which Plaintiff alleges "was obvious to a layman," an examination documented only head and jaw lacerations.

Plaintiff alleges that it was not until June 8, 2009, that a cervical spinal MRI was conduced at an outside hospital and that it revealed the severe spinal injury.  That same day he underwent a discectomy and fusion at the hospital, after which he contends he was informed by doctors at the hospital that he would never walk again and would remain paralyzed, and that the permanency of his injury was "due directly to Defendants' delay in treatment for the spinal cord injury and their refusal to authorize outside treatment."

Plaintiff alleges that it was obvious "to each of the Defendants, upon visual observation of Plaintiff that he was suffering from a serious medical condition, in that" among other things, he exhibited numbness in his hands, was incontinent, and could not use his legs.  Plaintiff further alleges that he "made repeated requests to each Defendant, verbally and in writing, regarding the lack of medical treatment," and despite this, he did not receive necessary medical care.  (Doc. No. 85 ¶¶ 43 & 45.)  He alleges that Defendants accused him of malingering and did not perform an MRI until June, so that his spinal cord injury went undiagnosed for two months.   Later in the amended complaint, Plaintiff alleges that "[e]ach Defendant knew, or reasonably should have known, of Plaintiff's serious medical needs when Defendants personally observed

Plaintiff or when on multiple occasions, Plaintiff personally informed them or through correspondence informed them, that he was not receiving care for . . . a spinal injury." *Id*. ¶ 71.

On October 14, 2009, Plaintiff was transferred to the Northeast Correctional Center ("NECC"). He alleges that he immediately began demanding treatment for his spinal cord injury, including neurological consults and physical therapy, but that these requests were denied causing further deterioration of his condition. Plaintiff alleges that while at NECC he personally told Defendant Douglas Prudden, the Warden at NECC, at least three different times that he (Plaintiff) was not being treated for his serious medical needs. The 15 individual Defendants named in the original and amended complaints include the movants: Pruden; George Lombardi, the Director of MDOC at all relevant times; Jean Johnson, the warden at WMCC; and Shannon Keeter, the assistant warden at WMCC

In Count I of the amended complaint, Plaintiff claims that all the named Defendants were deliberately indifferent to his serious medical needs, in violation of Plaintiff's federal constitutional rights. This is the only count directed to Defendants Lombardi, Keeter, Johnson, and Prudden. In Counts II through VII of the amended complaint Plaintiff adds state law claims of medical negligence against the other named Defendants, who are medical and mental health care providers. On August 17, 2012, Plaintiff was released from MDOC custody.

Defendants Lombardi, Keeter, Johnson, and Prudden argue that the amended complaint fails as to them because Plaintiff has not alleged that they were personally involved in the alleged constitutional violations, or in the alternative, that they are entitled to qualified immunity. Plaintiff responds that the allegations in the amended complaint allege sufficient personal involvement on behalf of these Defendants to withstand a motion to dismiss.

## DISCUSSION

To withstand a motion to dismiss, a complaint must contain enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[C]onclusory statements" and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Courts must accept a plaintiff's factual allegations as true but need not accept a plaintiff's legal conclusions. *Id*. *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, No: 12-1287, ___ F.3d ___ (8th Cir. Oct. 17, 2012).

To state a claim for unconstitutional medical mistreatment, Plaintiff must plead facts sufficient to indicate deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Carpenter v. Gage*, 686 F.3d 644, 650 (8th Cir. 2012). To establish deliberate indifference, Plaintiff "must prove an objectively serious medical need and that prison officials knew of the need but deliberately disregarded it." *McCaster v. Clausen*, 684 F.3d 740, 746 (8th Cir. 2012) (citations omitted).

As Defendants Lombardi, Keeter, Johnson, and Prudden argue, supervisors can only "incur liability [under § 1983] . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (citations omitted).

> Supervisors cannot be held vicariously liable under § 1983 for the actions of a subordinate.  To state a claim, the plaintiff must plead that the supervising official, through his own individual actions, has violated the Constitution.  The general responsibility for supervising the operation of a facility is not sufficient to establish personal liability.  A bare allegation that someone in supervisory authority has been deliberately indifferent, without any specification of that person's contact in fact with the plaintiff, or even an explicit charge of inadequate training or supervision of subordinates, is not sufficient to state a § 1983 claim.

*Beaulieu v. Ludeman*, 690 F.3d 1017, 1030-31 (8th Cir. 2012) (citations omitted).

Here, Plaintiff's allegations go further than assert that the four Defendants in question are liable because of their supervisory roles with the MDOC.  Rather the amended complaint includes allegations of their direct knowledge of Plaintiff's serious medical needs and a disregard for those needs, allegations which defeat these Defendants' motion to dismiss. *See, e.g.*, *Cox v. Wallace*, No. 1:12CV11 CEJ, 2012 WL 3733538, at *4 (E.D. Mo. Aug. 28, 2012).

The above four Defendants assert, alternatively, that they are entitled to qualified immunity.  "Qualified immunity shields government officials from liability when their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McCaster*, 684 F.3d at 746 (citation omitted).

> To determine whether defendants are entitled to qualified immunity, [a court] examines (1) whether the facts alleged or shown, construed in the light most favorable to [the plaintiff], establish a violation of a constitutional right, and (2) whether that constitutional right was clearly established at the time of the alleged misconduct, such that a reasonable official would have known that her actions were unlawful. The defendants are entitled to qualified immunity unless the answer to both of these questions is yes.

*Id*.

Here, without the benefit of sufficient factual development, the Court is unable to determine whether a reasonable factfinder could find that the one or more of the four Defendants at issue would have known that his or her actions would have resulted in Plaintiff being denied medical care for a serious medical need. Therefore, at this stage of the litigation, the Court cannot reach a conclusion as to whether or not any of these Defendants are entitled to the benefit of qualified immunity. *See, e.g., Cox*, 2012 WL 3733538, at *4; *Baily v. Calvin*, No. 4:11CV414 DDN, 2012 WL 4092456, at *4 (E.D. Mo. Sept. 17, 2012); *Lenoir v. Marcee*, No. 4:10CV01957 JCH, 2011 WL 1298762, at *5 (E.D. Mo. Apr. 5, 2011).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Defendants Jean Johnson, S. Keetes, George Lombardi, and Doug Prudden to dismiss Plaintiff's complaint as to them is **DENIED**.  (Doc. No. 79.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2012.