# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

AARON CLARK, )
 )
    Plaintiff, )
 )
v. ) No. 2:10CV00066 AGF
 )
GEORGE LOMBARDI, et al., )
 )
    Defendants. )

## MEMORANDUM AND ORDER

Plaintiff Aaron Clark, filed this action under 42 U.S.C. § 1983 pro se on October 20, 2010, claiming that while he was an inmate in the custody of the Missouri Department of Corrections ("MDOC"), his constitutional rights were violated due to Defendants' indifference to a serious spinal cord injury he sustained, resulting in permanent lower body paralysis. On November 19, 2010, counsel was appointed to represent him. Now before the Court is the motion of three Defendants (Carmen Ventura, Stanley Street, and Jay Barone) to limit the fees that three of Plaintiff's experts may charge these Defendants for taking the experts' depositions.

Psychiatrist David Folks, M.D.'s deposition charge is a minimum of $3,000 for a deposition of up to four-hours, and $5,000 for an eight-hour deposition, while his charge to Plaintiff for record review, conferences, and consultation is $375 per hour. Plaintiff's nursing expert, Steven Scott, R.N., charges Plaintiff $110 per hour for chart review and court time; and $1,500 minimum for depositions up to eight hours. And neurosurgeon

Robert Spiro, M.D., charges plaintiff $1,000 per hour for consultation or meetings, $5,000 for records review of less than four hours, and $4,000 per hour for depositions. The moving Defendants argue that the fees that they are charged per hour for the depositions of Plaintiff's experts should be limited to the amounts that these experts charge Plaintiff for the same hour of their time for records review and consultations, or alternatively, for a Court order that the parties pay for their own expert witnesses' deposition time.

Plaintiff responds that all of their experts' fees are reasonable. With respect to Drs. Folks and Spiro, Plaintiff explains they will be unable to schedule patients for the full morning or full afternoon of their depositions and are entitled to be compensated for the resulting loss of income. Plaintiff also maintains that it is reasonable for an expert's deposition fee to be higher than the fee for records review, as records review can be done between patients or during non-office hours.

Under Federal Rule of Civil Procedure 26(b)(4)(C), a party seeking an opposing expert's deposition shall pay the expert "a reasonable fee." Courts "must be on guard against exorbitant expert fees, and retain the ultimate responsibility to keep litigation costs from becoming unreasonable." *Massasoit v. Carter*, 227 F.R.D. 264, 267 (D.N.C. 2005) (citing *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D. Ariz. 1999)); see also *Norman v. City of Lorain, Ohio*, No. 1:04 CV 913, 2006 WL 5249724, at *6 (N.D. Ohio Nov. 16, 2006).

Upon review of the record, the Court concludes that it is not unreasonable for practicing medical experts to charge less for document review or consultation, which can be done in between seeing patients or at home, than for depositions, which cannot. The Court also believes that within certain bounds, it may be reasonable for practicing medical personnel to have a minimum charge for a deposition, rather than an hourly rate. The Court concludes, however that there is no basis for Nurse Scott to charge more for deposition time than for court time. As such, his deposition fee to Defendants shall be limited to $110 per hour.

The Court also finds that Dr. Folks's charges appear excessive and are not supported by evidence, such as the prevailing rates for other comparable experts. His fee shall therefor be limited to $550 per hour, with a minimum of $2,000 for a half day. For similar reasons, the Court finds that Dr. Spiro's deposition charge of $4,000 per hour is unreasonable and shall be limited to $2,000 per hour.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion of Defendants Ventura, Street, and Barone to limit the deposition fees Plaintiff's experts may charge these Defendants is **GRANTED in part**, to the extent set forth above. (Doc. No. 112.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2012.